FILED

# UNITED STATES FEDERAL COURT

## MIDDLE DISTRICT

2021 JUL 26 AM 10: 54

PROVIDED TO BAKER C.I.
ON 7·19·21
FOR MAILING

**WILLIE LYNCH**

**CASE: TO BE SET**

V.

L.T.:16-CF-2016-000019

3:21-cv-736-MMH-JRK

**OFFICER N. PRESCOTT**

## OBSTRUCTION OF JUSTICE AND COMPLAINT FOR CONSPIRACY

The complainant hereby moves the United States Federal Court Middle District to investigate his case for conspiracy against his constitutional rights through Officer N. Prescott employed by the Jacksonville Sheriff's office for unlawfully committing official misconduct, unbecoming of a police officer, placing fraudulent facts in his sworn affidavit, and knowingly committed perjury. The complainant seeks Liberal Construction of his complaint, pursuant to Estelle, vs. Gamble, 429 U.S. 97. Conspirator #3.

## JURISDICTION

As part of the Sarbanes Oxley Act, congress enacted 18 U.S.C. § 1519, which makes it a Federal offense to knowingly alter, destroy, mutilate, conceal, cover-up,

1

intent to impede, obstruct, or influence the investigation or proper administration of any matter with the jurisdiction of any "police department" or "agency" of the United States.

This Federal statute was to encompass an effect by a 'local police officer' who prepared a "false report" in anticipation of a possible Federal Investigation. Congress enacted 18 U.S.C. Federal Statute 1519, to ensure that know "public servant" of the United States is Above the Law. See: United States v. Hunt, 526 F. 3d 739 (11th Cir. 2008); Fla. Stat. 112.313(6); Fla. Stat. 943.1395(7). And the complainant seeks liberal construction, pursuant to Estelle v. Gamble, 429 U.S.97.

## ARGUMENT

The conduct of officer N. Prescott, in the instant case does not comport with his "official oath" he swore to protect and serve and to administer justice in a fair and balanced way, to every US citizen.

The main issue of this case is officer N. Prescott's reliance on an error prone, unproven, facial recognition software program called the FACE ANALYSIS COMPARISON EXAMINATION SYSTEM called (FACES), In which officer N. Prescott relied upon to identify the complainant, and then unlawfully conspired to cover-up that he utilized the program to identify and arrest the complainant.

1) Officer N. Prescott, knowingly and fraudulently falsified his arrest affidavit that he identified the complainant on his own through prior booking photos J-Pics. See- **EXHIBIT** (B)

2) Officer N. Prescott, knowingly and fraudulently falsified his arrest affidavit that he arrested the complainant for the crime of sale and/or delivery. He also knowingly and fraudulently falsified the arrest affidavit that after he arrested the complainant he transported the complainant to the Duval County Jail. See- **EXHIBIT** (E-Pg. 317-319)

This was entirely false" (see arrest affidavit Ex B.) Notably at the complainants trial Officer N. Prescott admitted he did not arrest nor transport the complainant to the Duval County Jail (See Ex E pgs 317-319). Where Officer N. Prescott knowingly states he falsified the affidavit to get his superiors' approval to arrest complainant. See also F.S. 92.525 (3) A person who knowingly makes a false declaration under subsection (2) is guilty of the crime of perjury by false written declaration a felony of the 3rd degree.

3) Officer N. Prescott, omitted from his sworn affidavit for arrest, that the complainant was identified by a "Third party crime analysis Ms. Celbrica Tenah", There is nothing in the sworn affidavit for arrest about 3 pictures of

the drug suspect was taken during the course of an "unlawful drug transaction", Nor any email conversations being sent to Ms. Tenah requesting her assistance to help him identify the drug suspect in the photographs.

4) Officer N. Prescott testified under oath at his April 27, 2016, Adversarial probable cause hearing that the complainant was identified through the "crime analysis unit". See- EXHIBIT (B-3)

5) Officer N. Prescott, knowingly committed the act of perjury, when he testified under oath on May 10, 2016, at the complainants trial, that he on his own "identified the complainant" through a known database" See- EXHIBIT (I Pg.-308). There was no mention of "Ms. Tenah who actually identified the complainant. See- EXHIBIT (F Pg.-9-12)

6) Officer N. Prescott knowingly omitted from his sworn affidavit that he used his "personal cell phone" to take "3" earshot photos of the drug suspect using an old Wal-Mart Trac Phone. Notably, Officer Prescott has a "vision impairment", and he no longer has his phone and he failed to place his "cell phone" in the J.S.O. property storage as evidence.

7) Officer N. Prescott, knowingly omitted from his sworn affidavit for arrest the he "failed to activate his body audio and body video recording devices, to capture this criminal offense. See- EXHIBIT (B)

8) Officer N. Prescott, was poorly trained to deal with "*all of a sudden circumstances*" that led to an unverified identification process in which is a necessary element of the crime of sale and/or delivery. F.S. 893.13 (1) (a). Where Officer N. Prescott testified he was afraid to activate his body audio and body video recording devices, "*in which was protocol*" that led to no physical evidence to corroborate his sworn affidavit for arrest that a unlawful drug transaction occurred on 9/12/2015, Corpus Delecti.

The complainant prays that the United States Federal Court Middle District will investigate the unethical behavior of Officer N. Prescott and hold him accountable for his unethical actions and for his unethical behavior.

## RELIEF SOUGHT

The complainant moves this Honorable Court to formally charge each conspirator for their willful obstruction of justice and for their willful criminal conduct for conspiring to unlawfully convict the complainant, in violation of title 18th. Federal Statute 1503 and Federal Statute 1512 (b) (3), and 15th., 19th., U.S. Const. Amend. 4th., 5th., 6th.,14th., and 18th. Of the United States Constitution.

## OATH

**UNDER THE PENALTIES OF PERJURY, I CERTIFY** that I understand the contents of the forgoing complaint, and that the facts contained in the complaint are true and correct, In compliance with FLA.STAT 92.525.

**Respectfully Submitted:**

*[signature]*

Willie Lynch Dc# 293846

## DECLARATION AND CERTIFICATE OF DEFENDANT

The undersigned Defendant/Petitioner hereby certifies under penalty of perjury, and pursuant to Rule.

"by signing this Motion pursuant to this rule, Defendant certifies that: The Defendant has read the Motion or that it has been read to the defendant, and that the Defendant understands its content; the Motion has been filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the Court; and that the facts contained in the Motion are true and correct".

This Motion has been placed into the hands of institutional officials at Baker Correctional Institution on the first available day for sending "Legal Mail", on this 19th day of July, 2021.

/S/ *[signature]*

Willie Lynch, #293946, Pro Se:

Baker Correctional Institution

20706 US Highway 90 West

Sanderson, Florida 32087-2359

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing _Obstruction Of Justice And Compliant For Conspiracy_ has been furnished by placing this document into the hands of legal mail officials at Baker Correctional Institution, on the first available day for doing so under the "mailbox rule" for incarcerated inmates for mailing to:

Clerk of Court :

Office of the States Attorney:

On this 19th day of July, 2021.

/S/ _Willie Lynch_

Willie Lynch, #293946, Pro Se:
Baker Correctional Institution
20706 US Highway 90 West
Sanderson, Florida 32087-2359